IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**STACEY POMRENKE,**

        **Petitioner,**

v.                                                                                          **Case No. 1:23-cv-00065**

**WARDEN, FPC Alderson,**

        **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are Petitioner's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), and Respondent's Motion to Dismiss. (ECF No. 10). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the Motion to Dismiss be **GRANTED**; the petition be **DISMISSED**, as it is moot; and this action be **REMOVED** from the docket of the Court.

**I.      Relevant History**

On January 26, 2023, Stacey Pomrenke filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, (ECF No. 1), challenging the Federal Bureau of Prison's ("BOP") calculation of her earned time credits under the First Step Act ("FSA"). Pomrenke indicated that the BOP was wrongfully withholding credits against her sentence and had

1

failed to provide her with an estimated conditional projected release date, which resulted in her remaining incarcerated past her projected home confinement date. (ECF No. 1 at 3-4). Pomrenke asked for injunctive relief in the form of an order compelling the BOP to immediately release her to home confinement. (*Id.* at 4, 6).

Respondent was ordered to file a response to the petition, (ECF No. 5), which was done on March 7, 2023. (ECF No. 6). Respondent argued that the habeas petition should be dismissed, because Pomrenke's FSA credits had been properly credited; she had a projected release date of December 21, 2023; and she did not become eligible for home confinement until September 22, 2023. (*Id.*). Respondent attached a Declaration of Destiny Spearen to the response, (ECF No. 6-1), in which she explained that she was a paralegal for the BOP and had conducted a review of Pomrenke's FSA credits. Spearen indicated that Pomrenke would continue to earn FSA credits as long as she maintained her low or minimum recidivism level, but her current assessment as detailed by Respondent was correct. (*Id.*). Pomrenke was given an opportunity to reply, and she did so on March 31, 2023. (ECF No. 8). Pomrenke continued to dispute the BOP's calculation of her FSA credits, arguing that she is entitled to additional days of credit pursuant to the plain language of the statute. (*Id.*). Pomrenke provided her calculations, which showed a discrepancy of 55 days of credit. (*Id.*).

On December 5, 2023, Respondent filed a Motion to Dismiss the petition. (ECF No. 10). Respondent explained that Pomrenke had been released from custody on August 28, 2023, and, consequently, had received the relief she requested. (*Id.*) As no live case or controversy remained, Respondent argued that the petition was moot, and dismissal of the action was required. The undersigned entered an Order, giving Pomrenke an opportunity to reply to the Warden's argument, but the Order was returned as

2

undeliverable. (ECF Nos. 11, 12). Records confirm that Pomrenke was released from custody on August 28, 2023; however, she failed to provide the Clerk of Court with an updated address. *See* www.bop.gov/inmateloc/ (last accessed December 21, 2023).

## II. Discussion

"The doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction, which extends only to actual cases or controversaries." *Fleet Feet, Inc., v. NIKE, Inc.*, 986 F.3d 458, 463 (4th Cir. 2021). Because mootness is jurisdictional, the court must consider it even when no party has raised the issue. *United States v. Ketter,* 908 F.3d 61, 65 (4th Cir. 2018). "To be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual … events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693-94 (4th Cir. 1983); *also Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (citations omitted) ("The requisite personal interest that must exist at the commencement of the litigation … must continue throughout its existence."). In other words, a case no longer presents a actionable controversy—and thus becomes moot—when it is "impossible for [the] court to grant any effectual relief whatever to a prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Service Employees*, 567 U.S. 298, 307 (2012)).

The federal habeas corpus statute requires an individual to be "in custody" at the time he brings a petition for a writ of habeas corpus. *Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir. 1986). Without that condition precedent, the court lacks subject matter jurisdiction over the habeas proceeding. Although the individual's subsequent release will not itself deprive the court of its jurisdiction, "[t]he question of mootness is separate and

3

distinct" from the "in custody" requirement. *Id*. Generally, the transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009); *Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007). As such, when a federal prisoner files a habeas corpus petition seeking an earlier release from incarceration, his subsequent release may render the petition moot, because there is no longer a justiciable controversy.

Pomrenke requested the application of additional FSA time credits against her sentence; thus, leading to an expedited release from custody. According to the BOP inmate locater, Pomrenke received additional time credits. Although they may not have been the same credits she demanded, she has since been released from custody. Accordingly, the undersigned **FINDS** that Pomrenke obtained the result she sought in her petition, there is no additional relief this Court can provide to her, and her petition is now moot. *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013) ("A claim may be mooted "when the claimant receives the relief he or she sought to obtain through the claim," because the court no longer "has [ ] effective relief to offer.'") (quoting *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002)).

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842. First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the conviction results in collateral consequences that continue after expiration of the sentence. *Id*. (citing *Carafas v. LaVallee,* 391 U.S. 234 (1968)). For example:

> [w]here the criminal conviction ... results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. Similarly, where the criminal conviction may result in an enhanced sentence should the

> petitioner later be convicted of another crime, h[is] stake in habeas relief permits the court to exercise its judicial freedom long after [ ] he has been freed.

*Broughton v. State of N.C.,* 717 F.2d 147, 148-49 (4th Cir. 1983) (internal citations omitted). Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Leonard,* 804 F.2d at 842 (citing *Weinstein v. Bradford,* 423 U.S. 147, 149, (1975)). The party advocating for the exception to the mootness doctrine bears the burden of demonstrating that the exception applies. *Incumaa,* 507 F.3d at 289 (citing *Brooks v. Vassar,* 462 F.3d 341, 348 (4th Cir. 2006)).

The undersigned **FINDS** that Pomrenke's petition cannot satisfy either exception to mootness. She does not meet the first exception, because she does not challenge her conviction or sentence. "Where the petitioner elects only to challenge the execution of his sentence and not the validity of the conviction, collateral consequences are irrelevant." *Maultsby v. Rickard*, No. 1:17-CV-04612, 2018 WL 4289648, at *2 (S.D.W. Va. June 29, 2018), *report and recommendation adopted*, No. CV 1:17-04612, 2018 WL 4291740 (S.D.W. Va. Sept. 6, 2018) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)); *also Lane v. Williams,* 455 U.S. 624, 631, (1982). Pomrenke likewise is unable to meet the second exception to the mootness doctrine, because the issue she raised did not *evade* review. To the contrary, she received the relief she requested, simply rendering review unnecessary. Moreover, Pomrenke cannot demonstrate a reasonable expectation that she will return to FPC Alderson and face the same alleged wrongdoing. "Mere conjecture ... that the prisoner may return to the first prison and again face the alleged wrong is not sufficient

to meet the mootness exception." *Herrera v. Finan,* 709 Fed. Appx. 741, 745-46 (4th Cir. 2017) (citing *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 283 (2001)); *Owens v. FCI Beckley*, No. 5:12-CV-03620, 2013 WL 4519803, at *7 (S.D.W. Va. Aug. 27, 2013) (citing *Higgason v. Farley,* 83 F.3d 807, 810 (7th Cir. 1996)). Therefore, given Pomrenke's exit from FPC Alderson, and in the absence of a demonstrated probability that she will return to that facility, neither exception to the mootness doctrine applies.

Therefore, the undersigned **FINDS** that (1) Petitioner's release from custody renders her habeas petition moot and (2) no exception to the mootness doctrine applies in this case.

### III.  Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** the Motion to Dismiss, (ECF No. 10), be **GRANTED**; the Petition for a Writ of Habeas Corpus, (ECF No. 1), be **DISMISSED**, as moot, and this action be **REMOVED** from the docket of the Court.

The parties are is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge

for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140 (1985); *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** December 21, 2023

Cheryl A. Eifert
United States Magistrate Judge